UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| THOMAS EARL HARRIS, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:14-cv-00649-PJG |
| v. ) | |
| ) | Honorable Phillip J. Green |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**OPINION**

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB) and Supplemental Security Income (SSI) benefits. On July 28, 2010, plaintiff filed his applications for DIB and SSI benefits. Plaintiff alleged a July 17, 2010, onset of disability.[1] (Page ID 162, 169). His claims were denied on initial review. (Page ID 93-112). On May 9, 2012, he received a hearing before an ALJ. (Page ID 60-91). On July 12, 2012, the ALJ issued her decision finding that plaintiff was not disabled. (Page ID 46-55). The Appeals Council granted plaintiff's request for review. (Page ID 36). On May 20, 2014,

---

[1] SSI benefits are not awarded retroactively for months prior to the application for benefits. 20 C.F.R. § 416.335; *see Kelley v. Commissioner*, 566 F.3d 347, 349 n.5 (3d Cir. 2009); *see also Newsom v. Social Security Admin.*, 100 F. App'x 502, 504 (6th Cir. 2004). The earliest month in which SSI benefits are payable is the month after the application for SSI benefits is filed. Accordingly, August 2010 is plaintiff's earliest possible entitlement to SSI benefits.

the Appeals Council entered its decision denying plaintiff's claims for DIB and SSI benefits.  (Page ID 31-33).

Plaintiff filed a complaint seeking judicial review of the Commissioner's decision. On appeal, plaintiff argues that the Commissioner's decision should be overturned on the following grounds:[2]

> 1. THE COMMISSIONER ERRONEOUSLY FAILED TO GIVE APPROPRIATE WEIGHT TO THE OPINIONS OF THE TREATING SOURCES, VIOLATED AGENCY RULES, AND MISAPPLIED THE LAW.

(Plf. Brief at 1, docket # 13, Page ID 514). The Commissioner's decision will be affirmed.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007).

---

[2] Issues not included in the plaintiff's statement of issues are deemed waived.  *See Ealy v. Commissioner*, 594 F.3d 504, 513 (6th Cir. 2010); *see also Jones v. Commissioner*, No. 1:13-cv-340, 2015 WL 1002858, at * 1 n.2 (W.D. Mich. Mar. 5, 2015) (collecting cases).

The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

## **Discussion**

The Appeals Council found that plaintiff met the disability insured requirement of the Social Security Act through March 31, 2012, but not thereafter. (Op. at 2, Page ID 32). Plaintiff had not engaged in substantial gainful activity on or after July 17, 2010, the alleged onset date. (*Id.*). Plaintiff had the following severe impairments: status-post myocardial infarction with stent placement; hypertension; history of left elbow epicondylitis; history of orthostatic lightheadedness; and depression. (*Id.*). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (*Id.*). The Appeals Council found that plaintiff retained the residual functional capacity (RFC) for a limited range of light work:

> The claimant's combination of impairments results in the following limitations on his ability to perform work-related activities: light work except no climbing ladders, ropes, or scaffolds; less than frequent climbing of ramps and stairs; avoid concentrated exposure to heat, cold, or humidity; avoid concentrated exposure to hazards such as unprotected heights and dangerous moving machinery; retains the ability to understand, carry out, remember, and sustain simple instruction and work independently and make simple work related judgments and decisions, and respond appropriately to supervisors, coworkers and work situations; and deal with changes in a routine work setting. In review of the above limitations, that claimant has the residual functional capacity to perform a reduced range of [work at] the light exertional level.

(*Id.* at 2-3, Page ID 32-33). The Appeals Council found that plaintiff could not perform any past relevant work.[3] (*Id.* at 3, Page ID 33). Plaintiff was classified as an

---

[3]This is where the Appeals Council's decision departed from the ALJ's decision. The ALJ found that plaintiff was not disabled at step 4 of the sequential analysis because he was capable of performing past relevant work. (Page ID 54).

individual closely approaching advanced age at all times relevant to his claims. (*Id.*). Plaintiff has at least a high school education and is able to communicate in English. (*Id.*). The Appeals Council found that the transferability of jobs skills was not material to a determination of disability. (*Id.*). The Appeals Council then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age with his RFC, education, and work experience, the VE testified that there were approximately 25,100 jobs in the regional economy and more than 440,000 jobs in the national economy that the hypothetical person would be capable of performing. (*Id.* at 2, Page ID 32). The Appeals Council found that this constituted a significant number of jobs. Using Rule 202.13 of the Medical-Vocational Guidelines as a framework, the Appeals Council found that plaintiff was not disabled. (Op. at 2-3, Page ID 32-33).

Plaintiff's statement of error is as follows: "THE COMMISSIONER ERRONEOUSLY FAILED TO GIVE APPROPRIATE WEIGHT TO THE OPINIONS OF THE TREATING SOURCES, VIOLATED AGENCY RULES, AND MISAPPLIED THE LAW." (Plf. Brief at 1, Page ID 514). Under this heading, plaintiff argues that the Commissioner should have given "controlling weight" to opinions expressed in a Mental Residual Functional Capacity Questionnaire completed by Ms. Josie Canales, a treating social worker, and a Physical Residual Functional Capacity Questionnaire completed by Mr. William Ulrich, a treating physician's assistant. He asserts that the ALJ should have given less weight to the opinions of two acceptable medical sources, Psychologist David Cashbaugh and Donald Sheill, M.D., because they conducted

-5-

consultative examinations. Plaintiff argues that the Commissioner violated a duty to re-contact plaintiff's social worker and physician's assistant under SSR 96-5p and violated SSR 96-7p by "drawing a negative inferences from the medical records without questioning the Claimant's reasoning for discontinuing treatment." Plaintiff's arguments do not provide a basis for disturbing the Commissioner's decision.

No opinions expressed by Ms. Canales or Mr. Ulrich were entitled to controlling weight. The treating physician rule does not apply to the opinions of social workers and physician's assistants because they are not "acceptable medical sources." *See* 20 C.F.R. §§ 404.1513(a), (d)(1), 416.913(a), (d)(1). There is no treating social worker or treating physician's assistant rule. The opinions of social workers and physician's assistants are not entitled to any particular weight. Only "acceptable medical sources" can: (1) provide evidence establishing the existence of a medically determinable impairment; (2) provide a medical opinion; and (3) be considered a treating source whose medical opinion could be entitled to controlling weight under the treating physician rule. *See Titles II and XVI: Considering Opinions and Other Evidence from Sources Who are not 'Acceptable Medical Sources' in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies*, SSR 06-3p (reprinted at 2006 WL 2329939, at * 2 (SSA Aug. 9, 2006)); *see also Bliss v. Commissioner*, 406 F. App'x 541, 541 (2d Cir. 2011) ("[T]he assessment by the social worker is ineligible to receive controlling weight because social workers do not qualify as 'acceptable medical sources.' "); *Turner v. Commissioner*, 613 F.3d 1217, 1223-24 (9th Cir. 2010). The opinions of physician's assistants and social workers fall within

the category of information provided by "other sources."[4]  *See* 20 C.F.R. §§ 404.1513(d), 416.913(d).  The social security regulations require that information from other sources be "considered."  2006 WL 2329939, at * 1, 4 (citing 20 C.F.R. §§ 404.1513, 416.913); *Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011); *Cruse v. Commissioner*, 502 F.3d 532, 541 (6th Cir.2007).  This is not a demanding standard.  It was easily met here.  The ALJ is responsible for weighing conflicting evidence.  *See Buxton*, 246 F.3d at 775; *see also Reynolds v. Commissioner*, 424 F. App'x 411, 414 (6th Cir. 2011) ("This court reviews the entire administrative record, but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ.").  The Commissioner's decision to give greater weight to medical professionals with greater expertise was appropriate.  *See* 20 C.F.R. §§ 404.1513, .1527(c), 416.913, .927(c); *see also Walters v. Commissioner*, 127 F.3d 525, 530 (6th Cir. 1987).

Plaintiff argues that, under SSR 96-5p, the Commissioner had a duty to recontact Ms. Canales or Mr. Ulrich "for clarification of any concerns."  (Plf. Brief at

---

[4]"The Commissioner 'may' use evidence from other sources, but information from these 'other sources' cannot establish the existence of a medically determinable impairment."  *Brown v. Commissioner*, 591 F. App'x 449, 451 (6th Cir. 2015) (quoting SSR 06-03p, 2006 WL 2329939, at * 2).  The ALJ has "discretion to determine the proper weight to accord opinions from other sources."  *Engebrecht v. Commissioner*, 572 F. App'x 392, 398 (6th Cir. 2014). The opinions of "other sources" are not entitled to controlling weight and there is no requirement that the ALJ provide "good reasons" for rejecting such opinions.  *See Smith v. Commissioner*, 482 F.3d 873, 876 (6th Cir. 2007); *see also Engebrecht v. Commissioner*, 572 F. App'x at 398; *Borden v. Commissioner*, No. 1:13 cv 2211, 2014 WL 7335176, at * 9 (N.D. Ohio Dec. 19, 2014); *Hibbard v. Commissioner*, 1:12-cv-1216, 2014 WL 1276518, at * 6 (W.D. Mich. Mar. 27, 2014).

5, Page ID 518). This argument fails on numerous levels. SSR 96-5p does not contain any provision so broad as to require "clarification of any concerns." Moreover, SSR 96-5p does not apply to any opinions expressed by Ms. Canales or Mr. Ulrich because the ruling only applies to "medical opinions" provided by "acceptable medical sources." *Policy Interpretation Regarding Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner*, SSR 96-5p (SSA July 2, 1996) (reprinted at 1996 WL 374183); *see Ferguson v. Commissioner,* 628 F.3d 269, 272 (6th Cir. 2010) ("For purposes of SSR 96-5p, 'medical opinions' are defined as 'statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s).'" (quoting SSR 96-5p, 1996 WL 374183 at * 2); *see also Kostyo v. Colvin,* No. 3:14-cv-1238, 2015 WL 4067260, at * 7 (N.D. Ohio July 2, 2015) ("SSR 96-5p is inapplicable to opinions from 'other sources.'").

Assuming *arguendo* that SSR 96-5p applied, it would support rather than undermine the Commissioner's decision. The regulation makes pellucid that the issue of RFC is an issue "reserved to the Commissioner," and even a treating physician's opinion on an issue reserved to the Commissioner is "never entitled to controlling weight." 1996 WL 374183 at * 2. Further, in *Ferguson v. Commissioner,* the Sixth Circuit held that there were "two conditions that must both be met to trigger SSR 96-5p's duty to recontact:[5] the evidence does not support a treating source's opinion ... and

---

[5] Plaintiff fails to note that the former regulations which had "recogniz[ed] a duty to recontact in cases where the evidence from the treating physician [was] inadequate to determine disability and contain[ed] a conflict or ambiguity requiring clarification," *Ferguson*, 628 F.3d at 273 n. 2 (citing 20 C.F.R. §§ 404.1512(e), 416.912(e), were revised effective March 26, 2012, more than

the adjudicator cannot ascertain the basis of the opinion from the record." *Id.* at 273. An unsupported opinion alone does not trigger the duty to recontact. *Ferguson*, 628 F.3d at 273. SSR 96-5p's duty is not triggered where, as here, the Commissioner did not reject the opinions because they were unclear, but instead rejected the opinions because they were based on plaintiff's subjective complaints and were not supported by the other evidence of record. *Ferguson*, 628 F.3d at 273. " '[A]n ALJ is required to re-contact a treating physician only when the information received is inadequate to reach a determination on claimant's disability status, not where, as here, the ALJ rejects the limitations recommended by that physician.'" *Ferguson*, 628 F.3d at 274 (quoting *Poe v. Commissioner*, 342 F. App'x 149, 156 n. 3 (6th Cir. 2009)). Where the duty is not triggered, it is not violated. *Ferguson*, 628 F.3d at 274.

Plaintiff argues that the Commissioner violated SSR 96-7p by drawing a "negative inference" from plaintiff's failure to continue treating with Ms. Canales. He asserts that the "Commissioner did not have the authority to draw any negative inferences from the medical records without questioning the Claimant's reasoning for discontinuing treatment." (Plf. Brief at 5, Page ID 518). This argument suffers from numerous fatal flaws. Discussion of four will suffice for present purposes. First, plaintiff fails to identify where the purportedly improper "apparent negative inference" (*Id.*) is found in the Appeals Council's decision or the portions of the ALJ's decision

---

two years before the Appeals Council's decision. The revised regulations are found at 20 C.F.R. §§ 404.1520b(c)(1), 416.920b(c)(1) and clarify that the Commissioner has "discretion, not a duty, to re-contact a medical source." *Jones v. Colvin*, No. 2:12-cv-3605, 2014 WL 1046003, at * 11 (N.D. Ala. March 14, 2014).

adopted by the Appeals Council. Second, plaintiff's reliance on SSR 96-7p is misplaced. The citation appears in plaintiff's argument regarding the weight given to the opinions of his treating social worker and physician's assistant. (Plf. Brief at 5, Page ID 518). SSR 96-7p addresses evaluation of the *claimant's* credibility,[6] not the credibility of medical care providers. *See Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*, SSR 97-7p (SSA July 2, 1996) (reprinted at 1996 WL 374186); *see also White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009); *accord Seeley v. Commissioner*, 600 F. App'x 387, 392-93 (6th Cir. 2015) *Brown v. Commissioner*, No. 1:10-cv-705, 2012 WL 951556, at * 5 (W.D. Mich. Feb. 27, 2012). Third, it was entirely appropriate for the Commissioner to consider the lack of evidence supporting the extreme restrictions suggested by Ms. Canales and Mr. Ulrich, including the facts that on July 19, 2011, plaintiff advised Canales that he did not feel that he needed any further mental health treatment and he did not receive any mental health treatment after that date. (Page ID 31, 52-53, 428). *See* 20 C.F.R. §§ 404.1527(c), 416.927(c). Fourth, assuming that plaintiff's statement of issues on appeal had included a challenge to the Commissioner's factual finding regarding plaintiff's credibility, he could not establish a violation of SSR 97-7p on this record. SSR 96-7p states that an

---

[6]Plaintiff has not challenged the Commissioner's factual finding regarding credibility. Any such challenge on appeal would have been unsuccessful because the Commissioner's factual finding is supported by more than substantial evidence. *See Ulman v. Commissioner*, 693 F.3d 709, 714 (6th Cir. 2012); *Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987); *Ritchie v. Commissioner*, 540 F. App'x 508, 511 (6th Cir. 2013).

"individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints[.]" 1996 WL 374186, at * 7. The ruling goes on to state that the adjudicator should not draw an adverse inference regarding the claimant's credibility "without first considering any explanations that the individual may provide . . . that may explain infrequent or irregular medical visits or failure to seek treatment." *Id.* Plaintiff's attorney did not elicit any testimony from plaintiff and supplied no argument offering an explanation why plaintiff stopped seeking mental health care. (Page ID 72-83, 88-91). The Commissioner cannot be faulted for failure to consider an explanation that plaintiff never provided. *See Johnson v. Commissioner*, No. 13-cv-14443, 2015 WL 1510462, at * 2 (E.D. Mich. Mar. 25, 2015).

Plaintiff makes a passing argument that the Commissioner failed to develop the record, citing *Lashley v. Secretary of Health & Human Servs.*, 708 F.2d 1048 (6th Cir. 1983). (Plf. Brief at 6, Page ID 519). This argument lacks merit. In *Lashley*, the claimant, Jack Lashley, appeared for his hearing "without the assistance of an attorney." 708 F.2d at 1050. He had a fifth-grade education and was suffering from the residuals of several strokes. *Id.* "Lashley possessed limited intelligence, was inarticulate, and appeared to be easily confused." *Id.* at 1052. The ALJ's questions were "superficial" and entire hearing transcript was only 11 pages long. *Id.* Under those circumstances, the Sixth Circuit held that the ALJ fell short of satisfying his "special duty" to the *pro se* litigant to develop the record. *Id.* at 1052-53. The ALJ's special duty to *pro se* parties to develop the record does not extend to plaintiff, because he was represented by an attorney at the hearing. *See Smith v. Commissioner,* 473 F.

App'x 443, 445 (6th Cir. 2012); *Kelly v. Commissioner*, 314 F. App'x 827, 831 n. 1 (6th Cir. 2009); *see also Lang v. Commissioner*, No. 1:14-cv-651, 2015 WL 3767785, at * 3 (W.D. Mich. June 17, 2015). Further, the ALJ is responsible for weighing conflicting evidence, not the Court. *See DeLong v. Commissioner*, 748 F.3d 723, 726 (6th Cir. 2014); *Buxton*, 246 F.3d at 775; *see also White v. Commissioner*, 572 F.3d 272, 284 (6th Cir. 2009).

Plaintiff arguments that the Commissioner "appear[ed] to misinterpret the medical records" and "appear[ed to be] 'credential biased' against the opinions of Ms. Canales and Mr. Ulrich" (*see* Plf. Brief at 6-8, Page ID 519-21) are perfunctory and supported by no legal authority. They are deemed waived. " 'Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.' " *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2010) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)); *see United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996); *accord Curler v. Commissioner*, 561 F. App'x 464, 475 (6th Cir. 2014) ("[Plaintiff develops no argument to support a remand, and thus the request is waived.").

For the reasons set forth herein, the Commissioner's decision will be affirmed.


Date: August 10, 2015                             /s/ Phillip J. Green
                                                  PHILLIP J. GREEN
                                                  United States Magistrate Judge